UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-61381-CIV-MARRA/JOHNSON

NANCY M. VALENCIA,

      Plaintiff,

v.

THE AFFILIATED GROUP, INC.,

      Defendant

_____/

## OMNIBUS ORDER AND OPINION

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment and

Alternative Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 10]; Plaintiff's

Motion for Extension of Time to Hear Plaintiff's Cross Motion for Summary Judgment [DE 22];

and Defendant's Agreed Motion for Enlargement of Time to Respond to Plaintiff's Cross Motion

for Summary Judgment, and Defendant's Opposed Alternative Motion to Strike Plaintiff's Cross

Motion for Summary Judgment [DE 25].   The Court has carefully considered the motions and is

otherwise fully advised in the premises.

**1.**     **Defendant's Motion for Summary Judgment and Alternative Motion to
       Dismiss for Lack of Subject Matter Jurisdiction [DE 10].**

### Background

Plaintiff Nancy M. Valencia ("Plaintiff") filed the instant action against The Affiliated

Group, Inc. ("Defendant" or "Affiliated") on September 27, 2007, alleging causes of action

arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq.  Plaintiff

asserts the following claims: (1) "Failure to Disclose Status as Debt Collector" in violation of 15 U.S.C. § 1692e(1) (Count I); (2) "Failure to Make Meaningful Disclosure of Identity" in violation of 15 U.S.C. § 1692d(6) (Count II); and (3) declaratory relief and permanent injunction (Count III).  Discovery has ended, and Defendant has moved for summary judgment and to dismiss for lack of subject matter jurisdiction.

The facts, as culled from affidavits and exhibits presented for the purposes of Defendant's Motion for Summary Judgment and Alternative Motion to Dismiss for Lack of Subject Matter Jurisdiction, are as follows:

Defendant received an assignment to collect an amount owed by Nancy Valencia in September 2007. (Def. Ex. A.- Aff. Of Paul Skovbroten, ¶ 5). On September 22, 2007, Defendant left a voice mail telephone message for Plaintiff, which stated:

> This is Heather with Affiliated Credit Services.  I would like a return call as soon as possible at 800-264-2439.  Again this is Heather with Affiliated Credit Services.  My number is 800-264-2439.  Thank you.

(Pl. Aff. at 4.)[1] Defendant has not attempted to call Plaintiff since September 2007.  (Def. Ex. A ¶ 5).  At all material times, it had been Defendant's policy and procedure to not disclose Defendant's identity as a debt collector to third parties. (Def. Ex. A ¶ 7).  As a result, any telephone messages left for Plaintiff in September 2007 would not have disclosed that the message was from a debt collector. (Def. Ex. A ¶ 7).  Defendant changed its policies and procedures regarding voice mail messages after being served with the Complaint in this action.  Defendant no longer leaves messages on a person's voice mail for telephone calls placed to

---

[1]For the purposes of consideration of this motion for summary judgment, Defendant assumes that the allegation is true. (Def. SJ Mot., 5).

South Florida.

## Discussion

Defendant moves for summary judgment, arguing that (1) the caller's identity was disclosed; (2) Plaintiff is not entitled to injunctive or declaratory relief; and (3) the alleged violation was a bona fide error for which Defendant cannot be liable.  Alternatively, Defendant moves for dismissal for lack of subject matter jurisdiction, on the theory that its offer of judgment to Plaintiff terminated any Article III case or controversy.

The Court will first address, as it must, the issue of subject-matter jurisdiction.  See University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (holding that once the court determines that subject matter jurisdiction does not exist, its sole remaining act is to dismiss the case for lack of jurisdiction). Defendant claims that the Court lost subject matter jurisdiction once it made its Rule 68 Offer of Judgment to the Plaintiff, offering Plaintiff $1,001 plus reasonable attorney's fees and costs as determined to be recoverable by the court.

A federal court lacks subject matter jurisdiction to entertain a moot suit, which no longer presents an Article III case or controversy.  National Advertising Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005).  Rule 68 of the Federal Rules of Civil Procedure provides that a defendant "may serve upon [a plaintiff] an offer to allow judgment to be taken against the [defendant] for the money ... specified in the offer, with costs then accrued." If accepted, the judgment is entered against the defendant. If rejected, the offer is deemed withdrawn. Importantly, if the judgment the plaintiff ultimately obtains "is not more favorable" than the defendant's offer, the plaintiff "must pay the costs incurred after making the offer."  Fed. R. Civ.

P. 68.  Defendant's theory is that Plaintiff was offered everything she seeks in her suit against

Defendant.  Therefore, Defendant argues, there is no dispute over which to litigate, rendering

Plaintiff's action subject to dismissal as moot.  However, Defendant's theory is fatally flawed as

applied to the instant case.  Defendant's offer of $1,001 plus reasonable attorney's fees and costs

did not satisfy the Plaintiff's entire demand.  Defendant did not offer to satisfy Plaintiff's demand

for declaratory and injunctive relief sought in Count III.[2]  Therefore, Defendant's  motion for

dismissal for lack of subject matter jurisdiction is DENIED.

The Court next turns to Defendant's  Motion for Summary Judgment.  The Court may

grant summary judgment "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R.

Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact

lies with the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986).  The Court

should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved

against the moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Defendant first argues that the Court should grant it summary judgment because the

caller's identity was disclosed.[3]  Defendant's argument is that the message disclosed the caller's

_____

[2]Defendant's Offer of Judgment was made on November 30, 2007.  When Plaintiff did
not accept the offer within 10 days, it is considered withdrawn under Rule 68(b).

[3]The Court assumes that Defendant is only arguing for partial summary judgment as to
Count II, "failure to make meaningful disclosure of identity."  Defendant does not contest, and in
fact admits, Plaintiff's allegation as to Count I that Defendant failed to disclose its status as a
debt collector. (Def. Ex. A ¶ 7).

name, that she was with Affiliated Credit Services, and she provided a return telephone number.

Defendant cites no case law demonstrating that this information is sufficient to constitute

"meaningful disclosure of the caller's identity" under 15 U.S.C. § 1692d.  This statute  provides

as follows:

> A debt collector may not engage in any conduct the natural consequence of which
> is to harass, oppress, or abuse any person in connection with the collection of a
> debt. Without limiting the general application of the foregoing, the following
> conduct is a violation of this section:
> . . .
> (6) Except as provided in section 1692b of this title[4], the placement of telephone
> calls **without meaningful disclosure of the caller's identity.**

(emphasis added).  Section 1692d(6) applies to a debt collector's voice mails. Baker v. Allstate

Financial Services, Inc., 554 F. Supp.2d 945, 948 (D. Minn. 2008).  Courts construing Section

1692d(6) have "uniformly held that it requires a debt collector to disclose the caller's name, the

debt collection company's name, **and the nature of the debt collector's business**." Id.

(emphasis added).  See, e.g., Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 597

(N.D. Ga.1982) ("the meaningful disclosure required by section 1692d(6) has been made if an

individual debt collector who is employed by a debt collection company accurately discloses the

name of her employer and the nature of her business and conceals no more than her real name");

Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal.2005) ("defendant

violated 1692d(6) when its employees failed to disclose defendant's identity and the nature of

defendant's business in the messages left on plaintiff's answering machine").

     In the present case, the parties agree for purposes of summary judgment that the voice

---

[4]This provision pertains to messages left in order to locate the debtor, which is not
applicable in this case.

mail message stated as follows:

> This is Heather with Affiliated Credit Services.  I would like a return call as soon as possible at 800-264-2439.  Again this is Heather with Affiliated Credit Services.  My number is 800-264-2439.  Thank you.

This voice mail fails to meet the FDCPA meaningful disclosure requirements in §1692d(6) because it does not state the nature of Defendant's business.  See Wright, 548 F. Supp. at 597; Hosseinzadeh, 387 F. Supp. 2d at 1112.   Therefore, Defendant's motion for summary judgment as to Count II is DENIED.

Defendant next argues that the Court should grant it summary judgment as to Count III because Plaintiff is not entitled to injunctive or declaratory relief under the FDCPA.  Plaintiff's Opposition to Defendant's summary judgment motion purports to "withdraw[] with prejudice Plaintiff's request for declaratory and injunctive relief."  Rule 41(a) of the Federal Rules of Civil Procedure only allows a party to dismiss voluntarily an *action* without a court order if the dismissal is filed before the opposing party files an answer or motion for summary judgment, or by stipulation.  Additionally, Rule 15(a) of the Federal Rules of Civil Procedure requires a plaintiff to seek a court order or the opposing party's written consent to amend its pleading after being served with a responsive pleading.  Plaintiff did not comply with the requirements of the rules to eliminate Count III.  Therefore, Plaintiff did not properly abandon Count III and the Court must address the merits of Defendant's motion for summary judgment as to that count.

Defendant correctly argues that equitable relief is precluded in private FDCPA actions. The Eleventh Circuit explained in Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982) that equitable relief is not available under the FDCPA:

> The thrust of the Fair Debt Collection Practices Act is prevention of harassment

6

and abuse as well as false, deceptive or misleading practices. It clearly falls into a traditional tort area analogous to a number of traditional torts. The relief sought is money damages-the traditional form of relief offered in the courts of law. Indeed, equitable relief is not available to an individual under the civil liability section of the Act.

Therefore, Defendant's motion for summary judgment as to Count III is GRANTED.

Defendant next argues that the Court should grant Defendant summary judgment on all counts because the alleged violation was a bona fide error as defined by 15 U.S.C. § 1692k(c).

Section 1692k(c) states as follows:

(c) Intent
A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Defendant claims that it had a policy of not disclosing its identity in voice mail messages. The purpose of the policy was to ensure that it protected against improper disclosure of Defendant's identity as a debt collector to third parties pursuant to § 1692c(b). Specifically, Defendant states:

At all material times, it has been Affiliated's policy and procedure to not violate the FDCPA by improperly disclosing Affiliated's identity as a debt collector to third parties, and as a result, any telephone messages left for Nancy Valencia in September 2007 would not have disclosed that the message was from a debt collector because Affiliated did not want to risk the message being listened to someone other than Ms. Valencia.

(DE 10, Statement of Undisputed Facts at ¶ 5); Def. Ex. A.- Aff. Of Paul Skovbroten, ¶ 7).

Thus, the Court must evaluate whether Defendant's procedures were "reasonably adapted" to avoid **the specific error at issue**. See Johnson v. Riddle, 443 F.3d 723, 729 (10th Cir. 2006). By Defendant's own admission, the procedures were not designed to avoid the specific errors at issue, i.e., failure to disclose status as debt collector (Count I) and failure to make meaningful

disclosure of identity (Count II).  Rather, Defendant's procedures for voice mail message content

were designed to avoid a violation of another section of the FDCPA, § 1692c(b).  Moreover,

even assuming Defendant can assert the bona fide error defense, Defendant's intent or lack of

intent is a question of fact which the Court is unable to determine on this record as a matter of

law.  *See In Re Stratford,* 635 F.2d 365, 368 (5th Cir. 1981)(the determination of the parties'

intent is a question of fact rather than one of law).

2.      **Plaintiff's Motion for Extension of Time to Hear Plaintiff's Cross Motion for
        Summary Judgment [DE 22]**.

On August 25, 2008, Plaintiff filed her opposition to Defendant's summary judgment

motion, incorporating Plaintiff's cross motion for summary judgment into her response [DE 18].

Plaintiff filed her Motion for Extension of Time to Hear Plaintiff's Cross Motion for Summary

Judgment [DE 22] on August 26, 2008.  Plaintiff does not articulate any explanation as to why

Plaintiff waited until more than a month after the July 18, 2008 dispositive motion cutoff to

request an enlargement of time.  Plaintiff merely states that it will conserve judicial resources for

the Court to evaluate Plaintiff's cross motion in conjunction with Defendant's summary

judgment motion as the motions hinge on the same facts and law.  Plaintiff has not demonstrated

good cause for her failure to adhere to the Court's deadlines.  Accordingly, Plaintiff's Motion for

Extension of Time to Hear Plaintiff's Cross Motion for Summary Judgment [DE 22] is DENIED.

Accordingly, it is hereby

        **ORDERED AND ADJUDGED** as follows:

        (1)     Defendant's Motion for Summary Judgment and Alternative Motion to Dismiss

                for Lack of Subject Matter Jurisdiction [DE 10] is **GRANTED IN PART AND**

**DENIED IN PART** as follows:  The Court **GRANTS** Defendant's Motion for Summary Judgment as to Claim III only and **DENIES** Defendant's Motion for Summary Judgment as to Claims I and II.  The Court **DENIES** Defendant's Alternative Motion to Dismiss for Lack of Subject Matter Jurisdiction;

(2)     Plaintiff's Motion for Extension of Time to Hear Plaintiff's Cross Motion for Summary Judgment [DE 22] is **DENIED**; and

(3)     Defendant's Agreed Motion for Enlargement of Time to Respond to Plaintiff's Cross Motion for Summary Judgment, and Defendant's Opposed Alternative Motion to Strike Plaintiff's Cross Motion for Summary Judgment [DE 25] is **DENIED AS MOOT**, as the Court is not allowing Plaintiff to untimely file a cross motion for summary judgment.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of September, 2008.

 

_____

KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record