# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-80777-CIV-MIDDLEBROOKS/JOHNSON

MONICA A. HARMON,

    Plaintiff,

vs.

RETRIEVAL MASTERS CREDITORS
BUREAU, INC. d/b/a AMERICAN MEDICAL
COLLECTION AGENCY,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR ATTORNEYS FEES [DE 34]

THIS CAUSE comes before the Court on Plaintiff, Monica A. Harmon's Motion for Attorney Fees [DE 34]. Defendant, Retrieval Masters Creditors Bureau, Inc., d/b/a American Medical Collection Agency, opposes the award of fees sought by plaintiff and filed a memorandum in opposition on May 2, 2008 [DE 38]. I have reviewed the record and am advised in the premises.

**Procedural History**

This case arises out of plaintiff's complaint alleging that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act §559.55 *et seq.* ("FCCPA"). On February 1, 2008, Plaintiff filed her Notice of Acceptance of Offer of Judgment [DE 24] made pursuant to Rule 68, Federal Rules of Civil Procedure. Paragraph 3 of the Offer of Judgment [DE 24, Exhibit A] states: "The total amount of the offer is that [defendant] will pay to [plaintiff] Two Thousand and One Dollars ($2001), plus reasonable attorney's fees and costs as determined to be recoverable by the Court." Accordingly, the

Court issued an Order of Final Judgment [DE 28] on February 25, 2008, awarding plaintiff $2,001.00 against defendant.

**Legal Standard for Award of Attorney's Fees**

The starting point for determining the amount of a "reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The product of these two figures is the lodestar and there is a "strong presumption" that the lode star is the reasonable sum the attorneys deserve. *See Pennsylvania v. Deleware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-566 (1986). When a district court finds the number of hours claims is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut. *See Kenny A. v. Perdue*, —F.3d—, 2008 WL 2609238 *7 (11th Cir. 2008) ("where the billing records are voluminous . . . a district court may make a reasonable across the board reduction in hours *instead of* engaging in the pick and shovel work necessary to make a more precise determination") (emphasis added). In determining what is a "reasonable" hourly rate and what number of compensable hours is "reasonable," the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir, 1974).[1] When the number of compensable hours and the hourly

---

[1] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-719. (In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.)

rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993).[2] Any reductions to the requested hours must be concisely and clearly explained to allow for appellate review. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). The *Johnson* factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar - doing so amounts to double-counting. *See City of Burlington v. Dague*, 505 U.S. 557, 562-563 (1992).

**Analysis**

Plaintiff motion for attorneys fees [DE 34] seeks $5,844.00 in attorneys fees for 19.5 hours of legal services at $300 per hour. [DE 34, ¶6]. In addition, plaintiff seeks costs of $480.00, for a total of $6,324.00. [DE 34, ¶12]. The bill for plaintiff's attorney's services after the second offer of judgment [DE 36, Exhibit A] include services such as: "telephone conference with client regarding Defendant's second Offer of Judgment and the consequences or [sic] acceptance or rejection;" "Draft Response to Order to Show Cause. DE 22;" "Prepare Motion for Entry of Final Judgment. DE 25;" "Review Order Granting Judgment (DE 27) and Judgement (DE 28);" and other services. In further support of the motion, Plaintiff's counsel filed a memorandum [DE 35] and affidavits [DE 36 and 37].

Defendant filed a response [DE 38], and did not dispute that Plaintiff is entitled to attorneys fees. However, Defendant argues that the Plaintiff should not be entitled to the recovery of attorney's fees and costs incurred after the Defendant's second Offer of Judgment that Plaintiff ultimately

---

[2]What constitutes partial success is determined on a case-by-case basis. *See Hensley*, 461 U.S. at 434-436.

accepted. Defendants also argue that Plaintiff "should not be entitled to the recovery of attorney's fees and costs that are incurred as a result of Plaintiff's counsel's failure, refusal or plain ignorance of Defendant's counsel's request to adhere to the requirements under Federal Rule 26 and Local Rule 26.1 to meet and discuss settlement early on in the litigation."

Specifically, Defendant alleges that it served its initial Rule 26 disclosures upon plaintiff on November 7, 2007, and that Plaintiff filed a motion to compel production of the same the next day without attempting to confer with Defendant's counsel. A review of the record shows that Plaintiff's counsel represented that he had conferred with Defendant's counsel on October 20, 2007, eighteen days earlier, in effort to resolve the issues raised in the motion to compel [DE 12]. Defendant's notice of compliance [DE 14] also alleged that Plaintiff's counsel failed to confer regarding the motion. Defendant also states that the letter to Defendant alleging the Defendant was not in compliance with Rule 26 for failure to provide the insurance policy was unnecessary because Defendant's Initial Disclosures did state that the insurance policy would be provided for copying upon request, thereby making the correspondence unnecessary. Defendants attached the Initial Disclosures to their response, in which paragraph IV makes the policy available.

Defendant's counsel also submitted an affidavit stating that he made an attempt to contact Plaintiffs counsel in order to obtain a settlement demand upon being retained, but his call was not returned. Defendant's counsel also stated that he attempted to obtain a settlement demand on October 19, 2007, however, Plaintiff still did not make a settlement demand.

On November 29, 2007, Defendant served an Offer of Judgment of $1,001, plus reasonable attorneys fees. On December 4, 2007, Defendant served a second Offer of Judgment for $2,0001 plus reasonable attorneys fees, which was ultimately accepted. Defendant argues that the time incurred

4

after the second Offer of Judgment is not recoverable.

In addition, Defendant states that the following time entries are unreasonable, and Plaintiff has not responded to the objections to these specific time entries:

10/20/2007:  1.67 hours relating to notice of taking deposition

11/8/2007:  .5 hours for preparing the motion to compel

11/20/2007:  .58 hours for reviewing defendant's response to requests for admissions and reviewing the order on the motion to compel.

11/28/2007;  .17 hours to draft correspondence relating to the missing insurance policy

Finally, Defendant states that the $100 expert witness fee is not compensable under § 1920 because they are not enumerated by the statute, and the bill has not been made a part of the record. In sum, Defendant argues that Plaintiff's counsel did not act reasonably in incurring fees after the accepted Offer of Judgment, and continued to incur fees for the sake of collecting them as opposed to advancing his client's case.

Although additional time to file a reply was granted [DE 40], Plaintiff did not file a reply. Instead, Plaintiff filed a notice of supplemental authority [DE 41] with a Report and Recommendation regarding the award of costs and attorneys fees written by Magistrate Judge Hopkins (that was subsequently adopted) in a case styled S. James Wallace v. Collection Information Bureau, Inc., Case No.: 07-80941-CIV-Hurley/Hopkins. Importantly, Plaintiff's counsel was also counsel of record for the case in which the Report and Recommendation was adopted.

Rule 68(d), Federal Rules of Civil Procedure, states: "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." The main purpose of the rule is to encourage settlement and avoid litigation.

*See* Fed. R. Civ. P. 68, advisory committee notes, 1946 amendments.

Defendant argues that plaintiff should not be allowed attorneys fees incurred after the first, or in the alternative, after the second offer of judgment. In support of this proposition, defendant cites some cases, most of which are not binding on this court, and some of which are not quite on point. The Supreme Court case cited by Defendant, *Mark v. Chesny*, 473 U.S. 1 (1985), is distinguishable. In *Chesney*, the Supreme Court held that defendants were not liable for attorneys fees incurred by plaintiff after an offer of judgment where the plaintiff recovered judgment less than the offer. However, in that case, the Court held that the offeror was not liable for costs because the underlying statute (42 U.S.C. § 1988) defined costs to include attorneys fees, therefore, under Rule 68, the costs were shifted to the offeree due to the Offer of Judgment. In this case, the underlying statutes (FDCPA and FCCPA) do not define costs to include attorneys fees.

Rule 68 states that "[i]f the judgment that the offeree finally obtains is not more favorable that the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). In the Report and Recommendations attached as Exhibit A to Plaintiff's Notice [DE 41], Judge Hopkins reached the conclusion that because the plain language of statute only shifts the costs when a plaintiff ultimately obtains a judgment for less than the offered amount, and the plaintiff in his case at had agreed to the offer amount, then there is no cost-shifting trigger, and Rule 68 does not preclude the award of attorneys fees incurred subsequent to the offer. I agree with that analysis, and it applies to the case at hand, therefore Plaintiff is liable for the fees incurred subsequent to the second Offer of Judgment.

With regard to my evaluation of Plaintiff's counsel billable time, I opt to do the hour-by-hour analysis, taking into consideration Defendant's specific objections. I find the .17 hours to draft

correspondence relating to the missing insurance policy was unnecessary because the Initial Disclosures state that it is available upon request. Therefore, I am cutting the amount of time billed for drafting that letter as unreasonable and unnecessary.

In addition, Plaintiff does not contest that it filed a motion to compel initial disclosures the day after initial disclosures were served upon defendant, as alleged in both Defendant's Notice [DE 14], and Defendant's response in opposition to Plaintiff's motion for fees. I presume that it was Plaintiff's oversight of the service of the Initial Disclosures that led to the filing of the motion, however, I also note that Plaintiff's motion to compel was filed at 4:56 PM EST on the same day that it was drafted, according to Plaintiff's billing records and the electronic filing records. At the same time Plaintiff was drafting that motion, he had almost the entire business day to realize that the Initial Disclosures had been filed already, thereby making the motion to compel unnecessary. Therefore, the .5 hours for preparing the motion to compel was unnecessary and unreasonable.

Finally, Plaintiff's counsel billed .08 hours for reviewing the Order on the motion to compel on November 20, 2007. Upon receipt of Defendant's notice of compliance, Plaintiff did not withdraw its motion to compel. Accordingly, the Court issued an Order denying as moot Plaintiff's motion to compel. While it is necessary for counsel to read Orders issued by the Court, it also follows that an opposing party should not be liable for fees incurred in reading orders generated in response to unnecessary motions. Therefore, I will also strike the .08 hours billed for reviewing the order denying as moot the motion to compel as unnecessary and unreasonable. With regard to the other itemized billable time, I find it to have been reasonably incurred.

With regard to Plaintiff's counsel's billing rate, based on the information submitted by Plaintiff's counsel in compliance with Rule 7.3, and other information submitted to the Court, I find

that $300 per hour is a reasonable rate. In addition, I note that Plaintiff's counsel has exercised billing judgment in deciding not to bill 2.4 hours of time incurred in litigating this case.

Therefore, in removing the .17 hours for drafting the letter, the .5 hours for preparing the motion to compel, and the .08 hours for reading the order on the same, Plaintiff's billable hour total drops from 19.48 to 18.73 hours. At a rate of $300 per hour, that totals $5,619 in total attorneys fees.

In addition, Defendant only stipulates to $380 in costs, eliminating the $100 for the expert witness fee which it claims is not compensable under § 1920, citing *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) in support thereof. Plaintiff has not responded to this claim. Section 1920 only defines court appointed expert fees as costs, therefore, I will reduce the cost award by $100 spent for the expert.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that this Court **AWARDS** Plaintiff $5,619.00 in attorneys fees, and $380.00 in costs, for a total of **$5,999.00**.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida this 25 day of March, 2009.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: counsel of record