# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.07-80941-Civ-Hurley/Hopkins

S. JAMES WALLACE,

         Plaintiff,

vs.

COLLECTION INFORMATION BUREAU, INC.

         Defendant.

_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF COSTS AND ATTORNEY'S FEES (DE 20)

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees to the undersigned United States Magistrate Judge for a Report and Recommendation.  (DEs 20, 24).  This Court has before it Plaintiff's Verified Motion, Defendants' Response, and Plaintiff's Reply, as well as a supplemental declaration by Plaintiff's counsel.  (DEs 20, 29, 33, 35).  For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's Motion.  (DE 20).

## BACKGROUND

In October of 2007, Plaintiff commenced the instant action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act Fla. Stat. § 559.55.  (DE 1; DE 20, pg. 1).  On January 14, 2008, Defendant, pursuant to Fed. R. Civ. P. 68, served on Plaintiff an Offer of Judgment.  (DE 12, pg. 1).  After Plaintiff accepted the offer, Plaintiff filed a Motion for Entry of Final Judgment.  (DE 12, pg. 1). The District Court granted the motion, and entered Final Judgment in favor of Plaintiff in the

amount of two thousand and one dollars ($2,001.00) in statutory damages, plus post judgment interest.  (DEs 13, 14).  The instant motion followed.  (DE 20).

## DISCUSSION

In its Verified Motion, Plaintiff seeks an award of attorney's fees in the amount of five thousand, seven hundred eighty-four dollars ($5,784.00), plus costs and litigation expenses in the amount of five hundred eighty dollars ($580.00).  (DE 20, pgs. 2-3).  In support of its motion, Plaintiff has filed billing records and an expert affidavit.  (DE 22, exh. A; DE 23, pgs. 1-2).  Plaintiff also seeks an award of attorney's fees for time expended in the case subsequent to the filing of the Verified Motion.  (DE 35).

In response, Defendant does not dispute that Plaintiff's status as a prevailing party entitles it to recover attorney's fees under the Fair Debt Collection Practices Act ("the Act"), or Plaintiff's claimed hourly rate.  (DE 29, pg. 10).  However, Defendant states that Plaintiff failed to respond to numerous attempts by Defendant to settle the case.  (DE 29, pgs. 1-4).  Defendant also contends that because it tendered its offer of judgment on January 14, 2008, Plaintiff acted unreasonably in continuing prosecution of its case after such date, and that all work done after the date of the offer of judgment was in an effort to increase an award of attorney's fees.  (DE 29, pg. 2).  In terms of legal argument, Defendant asserts that (1) Rule 68 precludes Plaintiff from recovering any attorney's fees incurred after the date of the offer of judgment; and, (2) all hours billed after the date of the offer of judgment should be disallowed because they were unreasonably expended.  Defendant also asserts specific objections to several time entries contained in Plaintiff's billing records for work performed prior to the offer of judgment, and argues that Plaintiff is not entitled to recover the costs associated with a writ of garnishment and

expert witness fees.  (DE 29, pgs. 11-17).

In Reply, Plaintiff maintains that (1) he acted reasonably in continuing to prosecute his case despite defense counsel's inquiries as to settlement; (2) as a prevailing party under the FDCPA, he is entitled to recover all attorney's fees incurred in the litigation, including fees for time spent litigating the instant motion for attorney's fees; and (3) *Marek v. Chesny*, 473 U.S. 1 (1985), does not support Defendant's contention that Rule 68 precludes Plaintiff from recovering attorney's fees subsequent to the date of the offer because unlike *Marek*, the FDCPA does not define costs to include attorney's fees.  (DE 33, pgs. 1-8).  Plaintiff also responds to specific objections raised by Defendant.  (DE 33, pgs. 9-11).

**Plaintiff's Status as Prevailing Party**

As noted above, Defendant does not contest Plaintiff's status as a prevailing party under the FDCPA.  (DE 29, pg. 10).  "The Fair Debt Collection Practices Act authorizes the award of the costs of the action and a 'reasonable attorney's fee as determined by the court,' in addition to damages to any successful plaintiff."  *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993) (*quoting* 15 U.S.C. § 1692k(a)(1), (2), (3)).  *See also Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (finding that the mere fact that the FDCPA was violated mandated an award of costs and a reasonable attorney's fee); *In re Martinez*, 266 B.R. 523, 537 (S.D. Fla. 2001) (noting that a debt collector who violated the FDCPA is liable for actual damages and the plaintiff's costs and reasonable attorney's fees) (*citing* 15 U.S.C. § 1692k(a)(2)(A); *Thorpe v. Collection Info. Bureau, Inc.*, 963 F. Supp. 1172, 1174 (S.D. Fla. 1996) (noting that as the prevailing litigant, the plaintiff was entitled to an award of reasonable attorney's fees) (*citing* 15 U.S.C. § 1692k(a)(3)).

Based upon the foregoing, there is little question that Plaintiff is entitled to attorney's fees and costs for the instant action, insofar as the FDCPA is concerned.  However, this Court must determine whether Rule 68 precludes Plaintiff from recovering any fees and costs subsequent to the date of the offer.

**Whether Rule 68 Precludes an Award of Post-Offer Attorney's Fees**

Defendant argues that Rule 68 precludes Plaintiff from recovering any attorney's fees generated after the date of the offer of judgment.  (DE 29, pgs. 10-14).  This Court disagrees.

Rule 68 provides in relevant part,

> **(a) Making an Offer; Judgment on an Accepted Offer**.  More than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.
>
> ****
>
> **(d) Paying Costs After an Unaccepted Offer**.  If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68(a), (d) (2008).

The main purpose of the rule is to encourage settlement and avoid litigation.  *See* Fed. R. Civ. P 68, advisory committee notes, 1946 amendments; *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Marek v. Chesny*, 473 U.S. 1, 3 (1985); *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-Op., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002).  As noted by the Eleventh Circuit, the rule meets this objective by employing a two-part approach.

> First, Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment.  Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse.  If he accepts, the court automatically enters judgment in his favor; if he refuses, the case proceeds.  Second, the Rule encourages plaintiffs to accept reasonable offers through what is referred to as its "cost-shifting" provision, which forces a plaintiff who refuses an offer and then

4

ultimately recovers less at trial than the offer amount to pay the costs incurred from the time of the offer. Thereby, "[t]he Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits."

*Util. Automation 2000, Inc.*, 298 F.3d at 1240-1241 (*quoting Marek*, 473 U.S. 1)). Where the rule operates, an award is mandatory. *See Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997) ("We believe the mandatory language of the rule leaves no room for district court discretion.")

With regard to the cost shifting provision of Rule 68, in *Marek v. Chesny*, 473 U.S. 1, 3 (1985), the United States Supreme Court considered the issue of "whether attorney's incurred by a plaintiff subsequent to an offer of settlement under . . . Rule 68 must be paid by the defendant under 42 U.S.C. § 1988, when the plaintiff recovers a judgment less than the offer." The Court first held that when a Rule 68 offer is silent as to costs, the district court should award appropriate costs in addition to the amount of the offer. *See Marek*, 473 U.S. at 6 (finding that attorney's fees were included as part of costs under section 1988) (*citing Delta Air Lines, Inc. v. August*, 450 U.S. 346, 362, 365 (1981)). *See also Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212, 1214 (11th Cir. 1997) (*citing Marek*, 473 U.S. at 6). Next, the Court held that where the underlying statute defines "costs" to include attorney's fees, the court should award attorney's fees as part of the costs. *See Marek*, 473 U.S. at 9 (*citations omitted*). *See also Arencibia*, 113 F.3d at 1214 (*citing Jordan,* 111 F.3d at 105). Where attorney's fees are included as "costs" in the underlying statute, the Court held that such fees are subject to the cost shifting provision of Rule 68. *See Marek*, 473 U.S. at 9. The Court ultimately held that the offeror was not liable for costs incurred after the date of the offer because the underlying statute, 42 U.S.C. § 1988, defined costs to include attorney's fees. *See Marek*, 473 U.S. at 9-11.

Here, unlike *Marek*, the FDCPA does not define costs to include attorney's fees. Rather, the Act provides that in a successful action to enforce a debt collector's failure to comply with the Act, the collector may be liable for, in addition to damages, "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Therefore, based on *Marek*, the cost shifting provision of Rule 68 does not preclude Plaintiff from recovering attorney's fees incurred after the date of the offer. *See Costa v. Nat'l Action Fin. Srvcs*, No. Civ. S-05-2084 FCD/KJM, 2008 WL 1925235, *2 (E.D. Cal. April 30, 2008) (finding that because attorney's fees are defined separately from costs under the FDCPA, attorney's fees would not be included within the term "costs" as used in Rule 68, and that attorney's fees are not automatically subject to the cost shifting provision of Rule 68); *Arencibia*, 113 F.3d at 1214 n.1 (noting that the cost shifting provision of Rule 68 did not apply where case alleged a violation of the FLSA because the FLSA does not define costs to include attorney's fees).

Not only does *Marek* fail to support Defendant's position, the plain language of the Rule likewise undercuts Defendant's assertions. As noted previously, the Rule provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). The United States Supreme Court stated that "the plain language of Rule 68 confines its effect to . . . the type of case . . . in which the plaintiff has obtained a judgment for an amount less favorable that the defendant's settlement offer." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981).

Both the United States Supreme Court and other courts have repeatedly applied Rule 68 according to its plain language. *See Marek*, 473 U.S. at 9 ("This 'plain meaning' interpretation of the interplay between Rule 68 and § 1988 is the only construction that gives meaning to each

word in both Rule 68 and § 1988."); *Fry v. Bd. of County Commr's of County of Baca*, 7 F.3d 936, 943-944 (10th Cir. 1993) (noting that Rule 68 is limited to cases where the offeree prevails, but recovers an amount less than the offer) (*citing Delta Air Lines, Inc.*, 450 U.S. at 351); *Bright v. Land O'Lakes, Inc.*, 844 F.2d 436, 433-434 (7th Cir. 1988) (rejecting contention that Rule 68 precluded award of attorney's fees and costs for time spent subsequent to the date of the offer of judgment; focusing on the plain language of the Rule); *Mann v. Acclaim Fin. Srvcs., Inc.*, 348 F. Supp 2d 923, 928 (S.D. Ohio 2004) (holding that award of attorney's fees for time spent prosecuting FDCPA claim after date of Rule 68 offer was not precluded by language of Rule 68 because the offer was not more favorable than the actual recovery); *In re Empresa Naviera Santa USA, Inc.*, 235 B.R. 130, 132 (S.D. Fla. 1999) (denying the defendant's motion for attorney's fees and costs filed under bankruptcy code version of Rule 68; noting that the plain language of Rule 68 confines the Rule cases where the plaintiff obtained a judgment that is less favorable than the offer) (*citing Delta Air Lines, Inc.*, *supra*); *Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 152 (S.D. Miss. 1994) (denying the defendant's motion for costs incurred after the Rule 68 offer was rejected; noting that the Rule only applies where the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer) (*citing Delta Air Lines*, 450 U.S. at 351); *Whatley v. Super Low Food Center, Inc.*, No. 89 C 2976, 1990 WL 77800, *1 (N.D. Ill. May 24, 1990) (denying the defendant's motion for costs and attorney's fees; noting that the plain meaning of Rule 68 shows that the Rule limits its application to cases where the judgment finally obtained by the offeree is not more favorable than the offer) (*citing Delta Air Lines, Inc., supra,* and *Marek, supra*).

In the instant case, the judgment finally obtained by Plaintiff is not less favorable than the

7

amount offered by Defendant.  Rather, the judgment is the same as the offer.  Therefore, based on *Delta Air Lines, Inc.*, *supra*, and the above cited authorities, the plain language of Rule 68 does not preclude an award of attorney's fees for time expended after the date of the offer.

**Lump Sum Offers**

Defendant also argues that an award of attorney's fees is precluded because when it offered to settle the case for the statutory amount of damages plus reasonable fees and costs as determined by the court, such offer was made for the purpose of offering one judgment, not a judgment for the statutory amount, followed by an additional judgment for fees and costs, as Plaintiff seeks here.  (DE 29, pgs. 4, 10, and exh. A)  (*citations omitted*).  Defense counsel has submitted an affidavit in support of his claimed intent at the time the offer was extended.  (DE 29, exh. A).  Defendant's position is not persuasive.

Lump sum offers, those which, if accepted, represent a defendant's total liability, are permitted.  *See Marek*, 473 U.S. at 6-7.  Lump sum offers should be recognized so as to avoid frustrating the purpose behind Rule 68, to encourage settlement.  *See Id.*  However, if the offer recites that costs are included, or specifies the amount of costs, and the plaintiff accepts the offer, the judgment will necessarily include costs.  *See Id*.  If the offer does not state that costs are included, and an amount for costs is not specified, the court is required by the Rule to include in its judgment an additional amount which, in its discretion, it determines is sufficient to cover the costs.  *See Id*.

Defendant cites to *Blumel v. Mylander*, 165 F.R.D. 113 (M.D. Fla. 1996), and *Broadcast Music, Inc. v. Dano's Restaurant Sys., Inc.*, 902 F. Supp. 224 (M.D. Fla. 1995), in support of its contention that its offer was a lump sum offer.  (DE 29, pg. 10).  However, the language of

8

Defendant's offer is distinguishable from the language of the offers in *Blumel* and *Broadcast Music*.

Defendant's offer herein provided,

The total amount of the offer is (*sic*) that Defendant CIBI will pay to Plaintiff WALLACE, Two Thousand and One Dollars, plus reasonable attorney's fees and costs as determined by the Court.

(DE 10, exh. A).

In *Blumel*, 165 F.R.D. at 115, the defendant offered Blumel $501.00 "to settle all claims against him."  In *Broadcast Music*, 902 F. Supp. at 225, the defendant offered "to allow judgment to be taken against him in the total amount of five thousand dollars."  Unlike both *Blumel* and *Broadcast Music Inc.*, Defendant's offer provided that the amount was for two thousand and one dollars, "*plus* reasonable attorney's fees *as determined by the Court.*"  (DE 10, exh. A) (*emphasis added*).  Unlike *Blumel*, 165 F.R.D. at 116, the language of Defendant's offer herein does not "clearly reflect the offeror's intent for a final and complete settlement."  Rather, the language in Defendant's offer appears to contemplate that the issue of attorney's fees would be resolved by the court at a later date.

*See Croy v. E. Hall & Assocs., P.L.L.C.*, Civil Action No. 5:06-cv-00107, 2007 WL 676698, *2 (W.D. Va. Mar. 2, 2007) (finding that the plaintiff was not precluded from recovering attorney's fees for work performed after date of the offer where the offer stated that the amount included damages, costs, expenses, and attorney's fees "accrued to date and as determined by the Court") (*citing Holland v. Roeser*, 37 F.3d 501 (9th Cir. 1994)); *Pinkham v. Professional Claims Bureau, Inc.*, 367 F. Supp 2d 338, 339 (E.D.N.Y. 2005) (granting motion for attorney's fees in FDCPA case after judgment was entered pursuant to Rule 68 offer; offer provided that the

9

plaintiff would recover "$1,000, together with costs and attorney's fees in an amount to be decided by the Court."); *Winfrey v. Costco Wholesale Corp.*, 238 F.R.D. 415, 416-417 (E.D. Va. 2006) (finding that because Rule 68 offer which allowed judgment to be taken against the defendant for the "total sum of $1,000.00" was silent as to costs, the plaintiff was entitled to an additional award of costs) (*citing Marek*, 473 U.S. at 6 for the proposition that if an offer does not state that costs are included and does not specify an amount of costs which are included, "a court will be obliged by Rule 68 to include in its judgment an additional amount which in its discretion . . . it determines to be sufficient to cover the costs.")

Turning now to defense counsel's reliance on his own affidavit in support of his contention that he intended the offer to be a lump sum offer, (DE 29, pg. 4 and exh. A), courts often use contract principles to interpret offers of judgment.  *See Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998) (*collecting cases*); *Basha v. Mitsubishi Motor Credit of America*, 336 F.3d 451, 453 (5th Cir. 2003) (noting that courts generally apply contract principles to interpret Rule 68 offers of judgment); *Johnson v. Univ. Coll. of the Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1209 (11th Cir. 1983) (affirming district court's granting of motion to strike the plaintiff's purported acceptance of the defendant's Rule 68 offer because principles of contract law provide that an offeree cannot accept a different offer from that made by the offeror).

However, courts disagree as to whether extrinsic evidence should be used to interpret terms of the offer.  *See Winfrey*, 238 F.R.D. at 417 (noting that where an offer is silent as to costs, the defendant may not later claim that the offer was intended to exclude such costs) (*citing Webb*, 147 F.3d at 621-623); *Minnick v. Dollar Fin. Group, Inc.*, No. Civ. A 02-1291, 2002 WL 1023101, *7 (E.D. Pa. May 20, 2002) (refusing to consider extrinsic evidence to determine

10

whether Rule 68 offer extended in FDCPA case included attorney's fees, where the offer was silent) (*citing El Club Del Barrio, Inc. v. United Community Corps.*, 735 F.2d 98, 100 (3d Cir. 1984)); *Basha*, 336 F.3d at 453-455 (holding that the language of the offer and the circumstances surrounding the making of the Rule 68 offer showed that the parties intended to settle all claims, including the post-judgment claim for attorney's fees).

Notwithstanding the foregoing split of authority, even considering defense counsel's affidavit, this Court still concludes that Plaintiff should not be precluded from recovering its attorney's fees and costs.  It is well established that an ambiguous contract is construed against the drafter.  *See Citro Fla., Inc. v. Citrovale, S.A.*, 760 F.2d 1232 (11th Cir. 1985) (construing ambiguous forum selection clause against the drafter); *Webb*, 147 F.3d at 623 (*citation omitted*).  Given the fact that Defendant's offer is silent as to fees, Defendant should bear the burden of the ambiguity created by such silence.  *See Webb*, 147 F.3d at 623 (affirming district court's finding that, based on all the circumstances leading up to the making of the Rule 68 offer, that the offer's silence as to fees was a tactical move).

Moreover, the FDCPA provides for an award of attorney's fees and costs on its face.  *See* 15 U.S.C. § 1692k(a)(3) (2008).  Defendant could have easily drafted the offer to specifically provide that the offer was inclusive of attorney's fees and costs, yet he failed to do so.  Plaintiff should not be penalized for Defendant's failure to terminate his statutory liability.  *See Webb*, 147 F.3d at 623 (construing offer which was silent against the defendant; holding that the court could award attorney's fees and costs, in addition to the amount specified in the offer of judgment, because the ADA provided for an award of attorney's fees to the prevailing party, and the defendant could have easily drafted the offer to specifically include attorney's fees and

terminate his statutory liability).

See also *Lazarska v. County of Union*, Civil Action No. 04-02602 (WGB), 2006 WL 2264455, *4 (D.N.J. Aug. 8, 2006) (noting that Rule 68 offer which was silent as to attorney's fees and costs did not preclude recovery of attorney's fees and costs statutorily mandated by 42 U.S.C. §§ 1983 and 1988); *Catanzano v. Doar*, 378 F. Supp 2d 309, 315-319 (W.D. N.Y. 2005) (holding that vague Rule 68 offer did not preclude award of attorney's fees under 42 U.S.C. § 1983; noting that ambiguous Rule 68 offers cannot be used to bar the offeree from seeking attorney's fees under fee shifting statutes) (*collecting cases*); *Minnick*, 2002 WL 1023101 at *7 (holding that Rule 68 offer which was silent as to attorney's fees did not preclude the plaintiff from being awarded additional attorney's fees under the FDCPA).

## Calculation of Plaintiff's Award in light of Defendant's Specific Objections

As noted earlier, in its Verified Motion, Plaintiff seeks to recover five thousand, seven hundred eighty-four dollars ($5,784.00) in attorney's fees, and five hundred eighty dollars ($580.00) in costs and litigation expenses. (DE 20, pg. 2; DE 22, pg. 4). In support of the claimed amount, Plaintiff relies on his own declaration, as well as a declaration by Joel D. Lucoff, Esq. ("Lucoff"). (DEs 22, 23). According to a Supplemental Declaration filed by Plaintiff's counsel, Plaintiff also seeks an award of one thousand, seven hundred fifty-two dollars ($1,752.00) in attorney's fees for 5.84 hours expended subsequent to the filing of the Verified Motion. (DE 35, pg. 1).

In determining what constitutes a reasonable attorney's fee under the Fair Debt Collection Practices Act, the Eleventh Circuit applies the traditional analytical framework of *Blum v. Stenson*, 465 U.S. 886, 888 (1984). *See Hollis*, 984 F.2d at 1161 (noting that the *Blum* principles

12

applied equally well to awards of attorney's fees under the Act) (*citing Independent Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754 (1989)).

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum*, 465 U.S. at 888 (*citing Hensley v. Eckerhart,* 461 U.S. 424 (1983)).  This "lodestar" may then be adjusted for the results obtained.  *See American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).  The fee applicant bears the burden of establishing the claimed market rate.  *See Barnes*, 168 F.3d at 427.

In applying for attorney's fees, fee counsel are required to maintain sufficiently detailed records showing the time spent on the different claims, as well as the general subject matter of the claims, so that the district court can assess the time claimed for each activity.  *See Barnes*, 168 F.3d at 427.  *See also Norman*, 836 F.2d at 1303 (*citing Hensley*, 461 U.S. at 437 n. 12).  "A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case."  *Norman*, 836 F.2d at 1303.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment."  *Barnes*, 168 F.3d at 428 (*quoting Hensley*, 461 U.S. at 434)*.  If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary

13

*irrespective of the skill, reputation or experience of counsel*," the court must exercise billing

judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301) (*emphasis in original*).

When responding to motions for attorney's fees, opponents are required to lodge specific

objections to any requests. *See Barnes*, 168 F.3d at 427 (stating that fee opponents are required

to be specific and "reasonably precise" with respect to any objections they may have); *Norman*,

836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought

to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.")

Failing to lodge specific objections is generally deemed fatal. *See Gray v. Lockheed*

*Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (affirming decision of district court

as to the claimed number of hours worked because fee opponents failed to lodge specific

objections); *Scelta v. Delicatessan Support Srvcs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla.

2002) ("[a] fee opponent's failure to explain exactly which hours he views as unnecessary or

duplicative is generally viewed as fatal.") (*citing Gray*, 125 F.3d 1387).

## A. The Reasonable Hourly rate

Plaintiff's counsel claims an hourly rate of three hundred dollars ($300.00).  (DE 20, pg.

2; DE 22, pg. 4).  Defendant poses no objection to the claimed rate.  (DE 29, pg. 11).

Nevertheless, the record supports the claimed rate because counsel's affidavit shows that

he (1) graduated from the University of Florida College of Law in1995; (2) won the 1995 Book

Award for Trial Practice; (3) had been certified as a public accountant prior to graduating from

law school; (4) opened his own general practice in 1998; (5) began representing consumers in

FDCPA cases in 2001, and has practiced exclusively in the area since 2005; (6) has published

14

two articles for attorney-Certified Public Accountants; (7) has served as plaintiff's counsel in over 100 hundred FDCPA cases in the Southern District of Florida; and, (8) has been awarded his claimed hourly rate on numerous occasions by courts within the Southern District of Florida during the last four years.  (DE 22, pgs. 2-4; DE 33, pg. 9).  Lucoff opines that, given counsel's expertise, the hourly rate is reasonable and customary.  (DE 23, pg. 1).  Based on the foregoing, this Court **RECOMMENDS** that the District Court find that the claimed hourly rate is reasonable.[1]

## B.  The Reasonable Number of Hours

According to the Verified Motion, Plaintiff billed a total of 19.28 hours in this matter. (DE 20, pg. 2; DE 21, pg. 2; DE 22, pg. 3).  Counsel states that he has exercised billing judgment by choosing to exclude 3 hours and 10 minutes of time billed in the matter.  (DE 22, pg. 4). Plaintiff's expert opines that the 19.28 hours were reasonably expended.  (DE 23, pg. 2).

Defendant first argues that it was unreasonable for Plaintiff to continue to work on the case after the date of the offer of judgment, which was January 14, 2008.  (DE 29, pgs. 2, 10) (*citing Lee v. Thomas & Thomas*, 109 F.3d 302 (6th Cir. 1997)).  Specifically, Defendant alleges that after it extended the Rule 68 offer of judgment on January 14, 2008, Plaintiff's counsel

---

[1] This Court is also guided by the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to determine a reasonable hourly rate.  *See Norman*, 836 F.2d at 1299-1300 ("We still believe that at least some of the *Johnson* factors have utility in establishing the hourly rate.") These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases.

15

unreasonably billed 5.33 hours merely in an attempt to increase an award of attorney's fees.[2] (DE 29, pg. 11; DE 22, exh. A).  After reviewing the time entries contained in Plaintiff's billing records, and in light of counsel's arguments, this Court is unable to conclude that such hours were unreasonably expended.[3]

Although the *Lee* court held that Plaintiff's counsel unreasonably continued to perform work on the case after the date of the offer of judgment, such holding was based on the unique facts of the case.  In *Lee*, 109 F.3d at 303-304, an FDCPA case, Plaintiff's counsel admitted in open court that attorney's fees were "the engine which was powering the case," and that he increased his settlement demands from $4,000.00 to $5,000.00, despite the fact that statutory damages were limited to $1,000.00 and his client suffered no actual damages.  In support of its holding that counsel unreasonably performed work after the offer of judgment, the court focused on the fact that the FDCPA authorizes only a "reasonable" fee as determined by the court, and noted that in passing the FDCPA, Congress sought to ensure that lawyers representing successful plaintiffs received a reasonable fee for work "reasonably found necessary-nothing more, nothing less." *Id*. at 305-307.  The court emphasized that the court is always compelled to exclude hours that are not reasonably expended, that counsel in FDCPA cases should aspire to achieve their client's objectives economically, and that counsel should not expect to reap financial rewards for needlessly prolonging litigation.  *See Id*. at 307.

---

[2] Defendant notes that of the claimed total of 19.28 hours, Plaintiff billed 13.95 on or before January 14, 2008.  (DE 29, pg. 11).

[3] The time entries show that after January 14, 2008, Plaintiff's counsel conferred with his client regarding the offer of judgment, reviewed discovery responses received by Defendant, prepared notices with respect to the offer of judgment, reviewed the final judgment entered by the court, prepared a motion for writ of garnishment, drafted correspondence, prepared a motion for extension of time, and prepared the instant motion for attorney's fees. (DE 22, exh. A).

Not only has there been no direct admission of fees being the "engine" that was driving the case as occurred in *Lee*, here the circumstances do not even imply that such is the case. Rather, contrary to Defendant's assertion that Plaintiff failed to respond to his attempts to obtain settlement demands on several occasions in order to generate higher fees, Plaintiff's counsel states that his prior experience with defense counsel prompted him to keep prosecuting his case. (DE 29, pgs. 2-4; DE 33, pgs. 1-7).[4]  In addition, unlike *Lee*, Plaintiff's counsel notes that he has exercised billing judgement by electing to forego billing for 3 hours and 10 minutes of time spent on the case.  (DE 20, pg. 2; DE 21, pg. 2).

*See also Maranon v. Appliance Direct, Inc.*, No. 6:07-cv-1160-Orl-22DAB, 2008 WL 151891, *3 (M.D. Fla. Jan. 16, 2008) (awarding attorney's fees to plaintiff's counsel for time spent after date of Rule 68 offer because counsel reasonably spent time investigating whether the offer was for full compensation); *Mann*, 348 F. Supp 2d at 928 (finding that neither the plain language of Rule 68 nor *Lee, supra*, precluded award of attorney's fees for time spent after the date of the offer because the offer was not more favorable than the amount recovered).

Defendant also raises specific objections to several time entries.  (DE 29, pgs. 11-13).

Defendant first objects to the entry dated 10/11/07, wherein counsel billed .17 hours for setting up the litigation file, on the basis that such a task is clerical in nature and should not be compensable.  (DE 29, pg. 11).  Defendant also objects to counsel's billing 1.75 hours for researching the availability of declaratory and injunctive relief that same day.  (DE 29, pg. 12).

---

[4]  Plaintiff's counsel contends that defense counsel routinely fails to agree to a financial penalty or attorney's fees for breach of a settlement agreement, and that defense counsel's clients routinely fail to honor their settlement agreements.  (DE 33, pg. 2).  Plaintiff's counsel further notes that in a previous case involving another client, Plaintiff's counsel was forced to file an action in state court to enforce the terms of a settlement agreement. (DE 33, pg. 2).

Defendant states that because Plaintiff's counsel holds himself out as an experienced consumer rights attorney, there is no true need to research such issue, especially where the Eleventh Circuit has long held that equitable relief is not available under the FDCPA.  (DE 29, pg. 12) (*citation omitted*).  However, Plaintiff maintains that the 1.75 hours spent for legal research was reasonable because (1) the billing entry shows that counsel spent time researching the client's alleged violations, including the substantive claims in the case, in addition to declaratory and injunctive relief; (2) the federal courts sanction counsel for not researching both the facts and the law prior to commencing an action; and, (3) because courts have issued conflicting opinions as to whether equitable relief is available, it is reasonable to research the issue to find the most recent precedent prior to commencing the action.  (DE 33, pgs. 9-10).

As to the 1.75 hours billed for legal research, this Court concludes that the time was reasonably expended for the reasons stated by Plaintiff.  However, as to the .17 hours billed for setting up the file, time for purely clerical tasks is generally not compensable.  *See Missouri v. Jenkins*, 491 U.S. 274 n.10 (1989) (noting that although fee applicants are permitted to bill work for paralegals at market rates, paralegal time should not include secretarial tasks); *Fulford v. NCO Fin. Sys., Inc.*, No. 6:07-cv-1196-Orl-22KRS, 2008 WL 2952859, *8 (M.D. Fla. July 30, 2008) (finding that revising the summons and coordinating service are clerical tasks which are not compensable) (*citing Jenkins*, 491 U.S. at 288 n.10); *Miller v. Holzmann*, Civ. Act. No. 95-231, 2008 WL 3319032, *20 (D.D.C. Aug. 12, 2008) (declining to award fees for time spent on phone calls to obtain corporate address and filing notice of change of address because such activities were administrative housekeeping).

Next, Defendant objects to an entry dated 11/9/07, where counsel billed .05 hours for

drafting a letter to defense counsel regarding S.D. Fla. L.R. 16.1.  (DE 29, pg. 12).  Defendant

maintains that such letter was unnecessary because only 3 days earlier, the District Court issued

its Scheduling Order, eliminating the necessity of a joint scheduling report under the Local Rule.

(DE 29, pg. 12).  Plaintiff has not responded to such objection.  (DE 33).

      Given the apparent unnecessary nature of the task, it appears that Plaintiff should not be

awarded attorney's fees for such time.

      Defendant next objects to an entry dated 11/13/07, wherein Plaintiff's counsel billed .58

hours for research of the law cited in Defendant's Answer to the Complaint.  (DE 29, pg. 12).

Defendant argues that because the cases cited in its Answer had been previously known by

Plaintiff, and stood for the proposition that equitable relief is not available under the FDCPA,

any research was unnecessary.  (DE 29, pg. 13).

      As with the entry dated 10/11/07, this Court again finds that .58 hours spent on legal

research were reasonably expended.

      Defendant also objects to an entry dated 12/11/07, wherein Plaintiff's counsel billed 2.83

hours for preparing a request for production, a request for admission, and a notice of deposition.

(DE 29, pg. 13).  According to Defendant, such time was not necessary in light of defense

counsel's previous request for a conference to discuss the claims and possible settlement, which

had been ignored by Plaintiff's counsel.  (DE 29, pg. 13).  Plaintiff has not responded to such

objection.

      Defendant's objection is not persuasive.  As discussed previously, at page 15 of the

instant order, Plaintiff's prosecution of the case was based on his prior experience with defense

counsel.  (DE 29, pgs. 2-4; DE 33, pgs. 1-7).  This Court is therefore unable to conclude that the

time billed for such discovery was unreasonably expended.

Defendant's next objection is with regard to the time[5] billed by Plaintiff for moving for a writ of garnishment, including preparation of the written motion. (DE 29, pg. 14). Defendant argues that no fees should be awarded with respect to the writ of garnishment because (1) Plaintiff's counsel never conferred with defense counsel prior to filing the motion; and, (2) the time was billed in an attempt to generate more billable hours. (DE 29, pg. 14). Plaintiff has not responded to the objection.

As discussed above, because Plaintiff counsel's manner of prosecution was based on his previous experience with defense counsel, Defendant's objection is unpersuasive.

Defendant also objects to Plaintiff counsel's billing 2.0 hours for preparation of the instant Motion for Attorney's Fees, arguing that such time was unnecessary because Plaintiff unilaterally chose to file the instant motion, rather then respond to Defendant's request for Plaintiff's billing records at the time the offer of judgment was extended; and, (2) defense counsel stipulated to Plaintiff's entitlement to attorney's fees in its offer of judgment, thereby precluding an award of fees for time spent subsequent to the date of the offer. (DE 29, pgs. 14-15). Again, Defendant's position is not persuasive.

This Court has previously rejected Defendant's argument that Plaintiff is precluded from recovering fees for time spent after the offer of judgment. Moreover, where the award of attorney's fees is pursuant to a federal statute, federal law applies. *See Henkel v. Chicago, St. P., M. & O. Ry. Co.*, 284 U.S. 444, 447 (1932) (holding that state law as to attorney's fees had no

---

[5] Although Defendant claims counsel billed 1.12 hours, according to this Court's calculations, counsel billed only 1.09 hours for the writ of garnishment. (DE 29, pg. 14; DE 22, exh. A) (entries dated 2/26/08 and 2/29/08).

application in federal court where federal law controlled the issue.)  In federal court, where the basis for attorneys fees is found in a federal statute, parties are permitted to recover "fees on fees."  *See Dictiomatic, Inc. v. United States Fid. & Guar. Co.*, No. 93-2123-Civ-Paine, 94-1692-Civ-Paine; 2000 WL 33115333, *11, n. 14 (S.D. Fla. May 2, 2000) (" . . . federal courts . . . allow recovery of fees for litigating fees as a matter of course.") (*citing Johnson v. Univ. Coll. of the Univ. of Alabama in Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983)).  Because Plaintiff's action is premised on the FDCPA, Plaintiff should be entitled to recover fees for the time spent in litigating the instant motion for attorney's fees.

Because Defendant has failed to lodge any objections with respect to any other billing entries, this Court accepts all other hours claimed by Plaintiff.  *See Scelta*, 203 F. Supp. 2d at 1333 (accepting all billing entries not properly objected to).  Moreover, in light of the two meritorious objections lodged by Defendant, this Court deducts a total of .22 hours from Plaintiff's total claimed hours of 19.28, resulting in the total number of reasonable hours being 19.06.

Although not lodged as a specific objection to any particular billing entry, Defendant argues that a reduction in the lodestar is appropriate based on the amount involved and the results obtained, and that fees should only be awarded in the total amount of two thousand, eight hundred eleven dollars ($2,811.00) because (1) Plaintiff's counsel failed to respond to defense counsel's attempts to discuss settlement in the early stages of the case; (2) the total amount of attorney's fees sought is for an amount that is more than three times greater than the statutory damages permitted;[6] and, (3) the case settled for a nominal amount.  (DE 29, pg. 26).

---

[6] Statutory damages are limited to $1,000.00.  *See* 15 U.S.C. § 1692k(a)(3) (2008).

Because Defendant fails to cite any law in support of its position, such argument is not persuasive. Furthermore, because this Court has already concluded that all hours were reasonably expended, with the exception of the two specific billing entries discussed above, a reduction of the lodestar does not seem to be required. Finally, the fact that the total amount of attorney's fees sought is greater than the statutory amount of damages is not determinative because courts have held that an award of attorney's fees need not be proportionate to a consumer's recovery under the FDCPA, and have often awarded fees that exceed the statutory limit on damages. *See Croy*, 2007 WL 676698 at *3 ("Courts have repeatedly held that proportionality between a consumer's recovery and the attorney's fees to be paid is not required in every action brought under the Consumer Credit Protection Act statutes such as the Fair Credit Reporting Act;" awarding attorney's fees in amount of $5,667.00) (*citations omitted*); *Costa*, 2008 WL 1925235 at *7 (awarding attorney's fees in amount of $5,040.00 for 16 hours of work); *Minnick*, 2002 WL 1023101 at *10 (awarding attorney's fees in amount of $6,922.50); *Pinkham*, 367 F. Supp 2d at 339, 340-341 (awarding attorney's fees in the amount of $1,840.00).

## C.  Plaintiff's Request for Fees for Time Expended Subsequent to the Filing of the Motion

Plaintiff also seeks to recover one thousand, seven hundred fifty-two dollars ($1,752.00) in attorney's fees for 5.84 hours expended subsequent to the filing of the Verified Motion. (DE 35, pg. 1). Plaintiff's billing records show that counsel billed time for various activities, such as (1) preparation of a satisfaction of judgment; (2) review of Defendant's opposition to the motion for attorney's fees; (3) legal research of Defendant's arguments raised in opposition; and, (4) preparation of the Reply in support of the motion for attorney's fees and a supplemental declaration. (DE 35, exh. A, pg. 2). Because Defendant has raised no objection to the request,

and in light of the previous discussion of the issue of entitlement to attorney's fees for time spent litigating the issue of fees, this Court **RECOMMENDS** that the District Court **GRANT** such request, and award Plaintiff the additional attorney's fees sought.

### D. Calculation of Recommended Attorney's Fee Award

The final calculation of the **RECOMMENDED** award is therefore as follows:

$300.00 per hr. x 19.06 hrs = $5,718.00

Additional attorneys fees for time subsequent to the original motion = $1,752.00

**Total recommended fee award**: $7,470.00

### Plaintiff's Costs and Litigation Expenses

Finally, Plaintiff seeks to recover costs and litigation expenses in the amount of five hundred eighty dollars ($580.00).  (DE 20, pg. 2; DE 22, pg. 4).  Defendant argues that Plaintiff is not entitled to recover the one hundred dollar ($100.00) court fee associated with the writ of garnishment, or the one hundred dollar ($100.00) expert witness fee because such fees are not permitted by 28 U.S.C. § 1920.  (DE 29, pg. 16-17) (*citation omitted*).  Such argument lacks merit.

As to the expert witness fee, Plaintiff's billing records show that the expert fee was paid to Lucoff in exchange for his preparation of the expert affidavit filed in support of Plaintiff's Motion for Attorney's Fees.  (DE 22, exh. A, pg. 7).  Because such fee is associated with the preparation of the motion for attorney's fees, and because this Court has already determined that Plaintiff should be entitled to recover attorney's fees for time spent litigating the instant motion for fees, it follows that Plaintiff should also be entitled to recover the one hundred dollar ($100.00) expert fee.  Moreover, the FDCPA authorizes an award of "the costs of the action,

23

together with a reasonable attorney's fee."  15 U.S.C. § 1692k(a)(3).  *See also Pinkham*, 367 F.

Supp 2d at 340-341 (awarding costs for filing of the action and service of process) (*citing* 15

U.S.C. § 1692k(a)(3)).

      As to the filing fee associated with the writ of garnishment, such fee should be permitted

by section 1692k(a)(3) because it authorizes an award of "the costs of the action."  *See Pinkham*,

367 F. Supp 2d at 340-341.  Moreover, even if Plaintiff were proceeding under section 1920,

which is not the case,[7] section 1920(1) allows the court to tax fees of the clerk.  *See EEOC v.

W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000) (*citing* 28 U.S.C. § 1920(1)).

      Because Defendant raises no other objections to Plaintiff's request for costs, this Court

**RECOMMENDS** that the District Court award Plaintiff costs in the total amount sought, five

hundred eighty dollars ($580.00).  (DE 20).


## RECOMMENDATION TO THE DISTRICT COURT

      In conclusion, **IT IS HEREBY RECOMMENDED** that the District Court **GRANT IN

PART** Plaintiff's Verified Motion for an Award of Attorney's Fees and Costs, and award

Plaintiff attorney's fees in the amount of seven thousand, four hundred seventy dollars

($7,470.00), and costs in the amount of five hundred eighty dollars ($580.00).  (DE 20).


## NOTICE OF RIGHT TO OBJECT

      A party shall serve and file written objections, if any, to this Report and Recommendation

with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern

---

[7] In its Motion, Plaintiff cites only the FDCPA.  (DE 20, pg. 1).

District of Florida, within ten (10) days of being served with a copy of this Report and

Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348

(11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar

the parties from attacking on appeal the factual findings contained herein.  *See LoConte v.*

*Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark*

*Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).


       **DONE AND SUBMITTED**  this 5 day of September, 2008 at West Palm Beach in the

Southern District of Florida.

                                        _James M. Hopkins_____
                                        JAMES M. HOPKINS
                                        UNITED STATES MAGISTRATE JUDGE


Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
All counsel of record